944 F.2d 752
 HOSPICE OF METRO DENVER, INC., a Colorado corporation,
Plaintiff-Appellant,
v.
GROUP HEALTH INSURANCE OF OKLAHOMA, INC., doing business as
Blue Cross & Blue Shield of Oklahoma, Defendant-Appellee.
 No. 90-1323.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 10, 1991.
 
 Robert Lynn New, Englewood, Colo., for plaintiff-appellant.
 Frank R. Kennedy of Cooper & Kelley, P.C., Denver, Colo., for defendant-appellee.
 Before LOGAN, MOORE and BALDOCK, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Hospice of Metro Denver, Inc. (Hospice) appeals from the dismissal of its promissory estoppel claim against defendant Group Health Insurance of Oklahoma, Inc., d/b/a Blue Cross and Blue Shield of Oklahoma (Blue Cross). The district court dismissed the claim as preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 to § 1461 (ERISA). On appeal, Hospice argues that there is no ERISA preemption as to its state common law claim of promissory estoppel. Additionally, Hospice requests sanctions, attorney's fees, and costs. We agree that Hospice's state law claim is not preempted by ERISA. Accordingly, we reverse the district court and remand for proceeding in accordance with this opinion. Hospice's requests for attorney's fees, sanctions, and costs are denied.
 
 
 2
 The infant son of Mr. and Mrs. Michael Samsel underwent two surgeries. Following the second surgery, he was admitted to Hospice in order to receive around-the-clock care. The infant remained in the hospice for approximately four months. Mr. Samsel's employer, Anchor Paint and Manufacturing Company, provides group health care benefits from Blue Cross for its employees. Hospice alleges that it contacted Blue Cross, prior to admitting the infant, about insurance coverage, and was informed that coverage was available. Hospice further alleges that during the course of the infant's care, Blue Cross repeatedly assured it that the care was covered, and payment would be forwarded. Following the infant's discharge from the hospice, Blue Cross denied coverage and payment relying on the policy's preexisting conditions provisions.
 
 
 3
 Hospice sued Blue Cross in state court alleging (1) detrimental reliance (later changed to promissory estoppel),[1] (2) quantum meruit and (3) claims as a third-party beneficiary. Blue Cross removed the action to federal district court, and filed a motion to dismiss all claims as preempted by section 514(a) of ERISA, 29 U.S.C. 1144(a). The district court granted the motion, holding that Hospice's first two claims were preempted under ERISA. The district court further concluded that although Hospice's third claim was actionable under ERISA, Hospice was not a participant, beneficiary, or fiduciary of the plan pursuant to 29 U.S.C. § 1132(a)(1), and therefore, did not have standing to bring a civil suit.[2]
 
 
 4
 We review a dismissal under Fed.R.Civ.P. 12(b)(6) de novo and "accept all factual allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff." Zilkha Energy Co. v. Leighton, 920 F.2d 1520, 1523 (10th Cir.1990). Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986).
 
 
 5
 Colorado has adopted the promissory estoppel doctrine in the Restatement (Second) of Contracts § 90 (1981).[3] Vigoda v. Denver Urban Renewal Auth., 646 P.2d 900, 905 (Colo.1982). Although the facts alleged state a promissory estoppel claim, the issue is whether Hospice's promissory estoppel claim is preempted by ERISA § 514(a), 29 U.S.C. § 1144(a). Section 514(a) states that "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a) (emphasis added).[4]
 
 
 6
 We must decide whether § 514(a) preempts a state cause of action by a third-party health care provider against a plan encompassed by ERISA. The Supreme Court has interpreted the phrase "relate[d] to any employer benefit plan" in its broad sense, including any law that has a "connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Court also has held that ERISA preempts state common law tort and contract actions for improper processing of claims under ERISA regulated employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). After considering congressional intent, the Court determined that ERISA's preemption provision was broad enough to become the " 'sole power to regulate the field of employee benefit plans.' " Id. at 46, 107 S.Ct. at 1552 (quoting 120 Cong.Rec. 29197 (1974) (statement of Rep. Dent)). However, state actions which affect plans in "too tenuous, remote, or peripheral a manner," will not be preempted as a law relating to the plan. Shaw v. Delta Air Lines, Inc., 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21, Uselton v. Commercial Lovelace Motor Freight, Inc., 940 F.2d 564, 583 (10th Cir.1991). "ERISA does not preempt claims that are only tangentially involved with a benefit plan." Settles v. Golden Rule Ins. Co., 927 F.2d 505, 509 (10th Cir.1991). The Second Circuit, in deciding whether a state statute was preempted, considered when a cause of action "related" to the plan. When a state law "does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated." Rebaldo v. Cuomo, 749 F.2d 133, 139 (2d Cir.1984), cert. denied, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985).
 
 
 7
 Blue Cross argues that Hospice specifically "refers to the plan" in its complaint, and that these references automatically relate the claim to the ERISA plan. Appellee's Answer Brief at 5. We do not agree. Blue Cross's denial of payment to Hospice was a mere consequence of its denial of coverage to Samsel. Hospice does not claim any rights under the plan, and does not claim any breach of the plan contract. The promissory estoppel claim does not seek to enforce or modify the terms of the plan, nor is there any "threat of conflicting and inconsistent State and local regulation." Shaw v. Delta Air Lines, Inc., 463 U.S. at 99, 103 S.Ct. at 2901 (quoting 120 Cong.Rec. 29197 (1974) (statement of Rep. Dent)). Hospice's references in its complaint to the preexisting condition provision are not offered to support Hospice's claim. Rather those references provide a background factual explanation of Blue Cross's decision to deny benefits to Samsel. Samsel is not a party to this action, and his right to receive benefits under the plan is not at issue.
 
 
 8
 In Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir.1990), the court addressed the preemption question relative to an ERISA plan's refusal to pay hospital expenses after the plan had orally represented coverage to the hospital. The court stated:
 
 
 9
 If a patient is not covered under an insurance policy, despite the insurance company's assurances to the contrary, a provider's subsequent civil recovery against the insurer in no way expands the rights of the patient to receive benefits under the terms if the health care plan.... A provider's state law action under these circumstances would not arise due to the patient's coverage under an ERISA plan, but precisely because there is no ERISA plan coverage.
 
 
 10
 Id. at 246 (emphasis added). The court stressed the importance of considering the "commercial realities" of a preemption decision in this factual setting, stating that if health care providers have no recourse under ERISA or under state law, there will be reluctance on the part of health care providers to extend care without prepayment. Id. at 247. We agree.
 
 
 11
 A preemption decision would shield Blue Cross from liability and leave the Hospice without recourse. We are aware that preemption normally is not dependent upon the availability of ERISA remedies. See Pilot Life Ins. Co., 481 U.S. at 54, 107 S.Ct. at 1556; Lister v. Stark, 890 F.2d 941, 946 (7th Cir.1989) ("[T]he availability of a federal remedy is not a prerequisite for federal preemption."), cert. denied, --- U.S. ----, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990); but see Perry v. P*I*E Nationwide Inc., 872 F.2d 157, 162 (6th Cir.1989) (preemption only applies where Congress has provided an adequate remedy), cert. denied, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990). In Pilot Life, the Supreme Court stated that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life Ins. Co., 481 U.S. at 54, 107 S.Ct. at 1556. Hospice, however, is not a participant or a beneficiary as enumerated in the Supreme Court opinion or in the statute itself, and, therefore, its lack of alternate remedies in the event of preemption is deserving of consideration.
 
 
 12
 Hospice has not alleged any conduct on the part of Blue Cross which relates to the administration of the plan, to the processing of any covered claim, or which impinges on any employee's ERISA rights. See Clark v. Coats & Clark, Inc., 865 F.2d 1237, 1243-44 (11th Cir.1989) (tort claim which had no effect on the administration of an employee benefit plan not preempted); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404 (9th Cir.1988) ("ERISA preempts only those state law claims that arise out of the administration of a covered plan"); but see St. Mary Medical Center v. Cristiano, 724 F.Supp. 732, 739 (C.D.Cal.1989) (state common law claims for misrepresentation preempted by ERISA where misrepresentation is related to entitlements under employee health benefit plan).
 
 
 13
 If Hospice prevails, merely because its damages would be based upon the amount of potential plan benefits does not implicate the administration of the plan, and is not consequential enough to connect the action with, or relate the action to, the plan. See Memorial Hosp. Sys., 904 F.2d at 247. The payment of the judgment would be a one time, lump-sum amount and would not further burden the plan, either financially or administratively. See Totton v. New York Life Ins. Co., 685 F.Supp. 27, 31 (D.Conn.1987).
 
 
 14
 We recognize the unlimited "relate to" language of ERISA's preemption provision and the expansive interpretation given the phrase by the courts. ERISA's legislative history decidedly points to Congress' intent that the act be broad and expansive. Cefalu v. B.F. Goodrich Co., 871 F.2d 1290, 1293 (5th Cir.1989) (citing 120 Cong.Rec. 29197 (1974)). However, the "ultimate touchstone" in determining preemption is the Congressional purpose in enacting ERISA. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 8, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987). The Act states its purpose as,
 
 
 15
 [T]o protect ... participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.
 
 
 16
 29 U.S.C. § 1001(b). See also Shaw v. Delta Air Lines, Inc., 463 U.S. at 90, 103 S.Ct. at 2896 (purpose is "to promote the interests of employees and their beneficiaries in employee benefit plans"); Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985) (purpose is "to protect contractually defined benefits").
 
 
 17
 To this end, we have held that ERISA preempts state law claims by plan participants or beneficiaries for bad faith denial of benefits, Carland v. Metropolitan Life Insurance Co., 935 F.2d 1114, 1119 (10th Cir.1991), breach of contract and wrongful death, Settles v. Golden Rule Insurance Co., 927 F.2d at 509, and negligent misrepresentation, Straub v. Western Union Telegraph Co., 851 F.2d 1262 (10th Cir.1988). However, we conclude that a state law claim which does not affect the "relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries, and the beneficiaries" as such, is not preempted by ERISA. Memorial Hosp. Sys., 904 F.2d at 249; Perkins v. Time Ins. Co., 898 F.2d 470, 473 (5th Cir.1990). Denying a third-party provider a state law action based upon misrepresentation by the plan's insurer in no way furthers the purposes of ERISA.
 
 
 18
 An action brought by a health care provider to recover promised payment from an insurance carrier is distinct from an action brought by a plan participant against the insurer seeking recovery of benefits due under the terms of the insurance plan. Preemption in this case would stretch the "connected with or related to" standard too far. Therefore, we hold that Hospice's action is not preempted by ERISA.
 
 
 19
 The judgment of the United States District Court for the District of Colorado is REVERSED and the case is REMANDED to the district court with instructions to remand to the state court of Colorado for determination of the state claims originally filed in that court.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [1]
 In its complaint, Hospice designated its first claim as "detrimental reliance." It discussed the claim in its response to the motion to dismiss and in its opening brief as one for promissory estoppel. Although Blue Cross draws our attention to this change, it does not claim prejudice. Therefore, we will treat Hospice's claim as one for promissory estoppel
 
 
 [2]
 There is no evidence that Samsel, as a participant of the plan, had assigned his rights under the plan to the Hospice. Therefore, there is no issue of derivative standing. See Hermann Hosp. v. MEBA Medical & Benefits Plan, 845 F.2d 1286, 1289 (5th Cir.1988)
 
 
 [3]
 The Restatement (Second) of Contracts § 90, states in part:
 (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.
 
 
 [4]
 The exceptions to § 1144(a) do not apply in this case