**WEST PINES PSYCHIATRIC HOSPITAL, a Colorado corporation, Plaintiff,**

v.

**SAMSONITE BENEFIT PLAN and Northwestern National Life Insurance Company, Defendants.**

No. 93–B–2683.

United States District Court, D. Colorado.

April 5, 1994.

**4.** Medical devices marketed pursuant to a § 510(k) notification of approval are subject to the Act's general controls.

James R. Benson, Jr., Denver, CO, Mark Douglas Herbert, and John Parker Benz, Sullins, Johnston, Rohrbach, Magers & Herbert, Houston, TX, for plaintiff.

David S. Fein, Popham, Haik, Schnobrich, & Kaufman, Ltd., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Northwestern National Life Insurance Company (NWNL) moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim entitling plaintiff to relief, and on the basis that the plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001 to 1461 (ERISA). For the reasons set forth below, NWNL's motion will be granted in part and denied in part.

### I.

On October 19, 1990, Aaron and Amy Roberts (Roberts Children), children of Richard A. Roberts (Roberts), were admitted into West Pines Psychiatric Hospital's (the Hospital) partial hospitalization program. Roberts, as an employee of the Samsonite Corporation, and his children are covered under an ERISA plan providing coverage for eligible medical expenses incurred by members of the plan. The Samsonite plan is self-funded by the Samsonite Corporation with NWNL providing claims processing services under an Administrative Services Only (ASO) agreement.

NWNL provided a case manager, Jane Sandress (Sandress), for the Roberts children upon their admittance to the Hospital. Sandress approved the partial hospitalization of the Roberts children and represented to the Hospital that the care would be covered under Roberts' benefit plan. Relying upon this approval from Sandress, the Hospital discharged the Roberts children from more costly inpatient treatment and admitted them into the partial hospitalization program.

Both children were discharged in December 1990. When the Hospital submitted its claims to the defendants for payment, the defendants refused to pay the claims. Defendants continue to refuse to pay the claims contending that partial hospitalization charges were not payable under the terms of the plan. Roberts has assigned his plan benefit rights to the Hospital.

The Hospital filed this action in the District Court, City and County of Denver, on November 30, 1993, asserting state law causes of action for breach of contract, misrepresentation and estoppel. On December 20, 1993, NWNL removed the case to the United States District Court for the District of Colorado on the grounds that the Hospital's claims are for benefits under ERISA. NWNL now moves to dismiss the complaint alleging that the Hospital's claims are preempted by ERISA and the Hospital has failed to state a claim under ERISA.

## II.

Dismissal of a claim pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that a plaintiff can prove no set of facts in support of his claim to entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *Id.* In reviewing the sufficiency of the complaint, all well-pled facts, as opposed to conclusory allegations, must be taken as true. *Weiszmann v. Kirkland & Ellis,* 732 F.Supp. 1540, 1543 (D.Colo.1990). All reasonable inferences must be liberally construed in the plaintiff's favor. *Id.*

## III.

ERISA governs "employee benefit plan[s]." 29 U.S.C.A. § 1003(a). One form of employee benefit plan is an "employee welfare benefit plan." *Id.* § 1002(3). As applicable to this case, an "employee welfare benefit plan" is

> any plan, fund or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits.

*Id.* § 1002(1). Thus, I conclude that the Samsonite plan is an employee welfare benefit plan governed by ERISA.

The Hospital does not dispute NWNL's contention that the plan at issue is an employee welfare benefit plan within the meaning of ERISA. The Hospital argues, however, that there is no preemption of its claims by ERISA.

All state laws that "relate to" employee benefit plans are preempted by ERISA. 29 U.S.C.A. § 1144(a). The Supreme Court has interpreted the phrase "relate[d] to any employer benefit plan" broadly to include any law that has a "connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Court has also held that ERISA preempts state common law tort and contract actions for improper processing of claims under ERISA regulated employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). After considering congressional intent, the Court determined that ERISA's preemption provision was broad enough to become the " 'sole power to regulate the field of employee benefit plans.' " *Id.* at 46, 107 S.Ct. at 1552 (quoting 120 Cong.Rec. 29197 (1974) (statement of Rep. Dent)). However, state actions which affect plans in "too tenuous, remote, or peripheral a manner," will not be preempted as a law relating to the plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21; *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 940 F.2d 564, 583 (10th Cir. 1991). "ERISA does not preempt claims that are only tangentially involved with a benefit plan." *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir.1991). When a state law " 'does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated.' " *Hospice of Metro Denver v. Group Health Insurance of Oklahoma, Inc.,* 944 F.2d 752, 754 (10th Cir.1991) (quoting *Rebaldo v. Cuomo,* 749 F.2d 133, 139 (2d Cir.1984), *cert. denied,* 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985)).

NWNL's motion to dismiss is premised upon the theory that ERISA preempts the Hospital's claims in this lawsuit. NWNL asserts that the only issue in this case is the

extent to which the ERISA plan provides coverage to Roberts as beneficiary. The Hospital, on the other hand, denies that its claims in this lawsuit seek to recover benefits under the ERISA plan. The Hospital contends that *Hospice of Metro Denver v. Group Health Insurance of Oklahoma, Inc.,* 944 F.2d 752 (10th Cir.1991), establishes its right to bring an independent cause of action to recover from the defendants on the basis of defendants' misrepresentations.

*Hospice* is not directly on point with this case as the third-party health care provider, Hospice of Metro Denver (Hospice), did not have an assignment of benefits from the plan participant. *Hospice,* 944 F.2d at 753 n. 2. Thus, the issue of preemption was made easier by the fact that the promissory estoppel claim at issue was non-derivative and Hospice claimed no rights under the ERISA plan nor any breach of the plan contract. *Id.* at 754.

■ The Tenth Circuit and this court have held that ERISA preempts state law claims, based on breach of contract, fraud, or negligent misrepresentation, that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled. *See e.g., Straub v. Western Union Tel. Co.,* 851 F.2d 1262, 1264–65 (10th Cir.1988) (employee's state law claims for breach of contract and negligent misrepresentation preempted by ERISA); *Peckham v. Gem State Mut. of Utah,* 964 F.2d 1043, 1050–52 (10th Cir.1992) (employee's state law claim of estoppel preempted by ERISA); *Anglund v. American Tel. and Tel. Co.,* 828 F.Supp. 809, 812–14 (D.Colo.1993) (employee's state law claims for breach of contract, fraud, negligent misrepresentation, and estoppel preempted by ERISA). Thus, to the extent the Hospital is attempting to assert Roberts' rights to benefits under the plan, the claims are preempted by ERISA. For this reason, I conclude the Hospital's claims for breach of contract and estoppel are preempted.

In its claim for breach of contract, the Hospital acknowledges that partial hospitalization costs are not reimbursable under the plan, but contends that the parties reached an agreement to provide partial hospitalization benefits for the Roberts children. The Hospital contends that defendants subsequently breached this "out-of-plan contract."

■ Where a plan is clear in its coverage, any representation that is contrary to that language can be viewed as a purported modification of the plan. *Peckham v. Gem State Mut. of Utah,* 964 F.2d 1043, 1050 (10th Cir.1992). In essence, the Hospital alleges that the parties agreed to orally modify the ERISA plan and that defendants breached this agreement. Thus, the Hospital is attempting to collect benefits under the alleged modification. Consequently, I conclude that this claim for breach of contract is related to the ERISA plan and is, therefore, preempted by ERISA. *See Peckham,* 964 F.2d at 1050.

Similarly, I conclude that the Hospital's estoppel claim is preempted by ERISA. Under this claim, the Hospital alleges that defendants are estopped from denying coverage under "the contract of insurance" due to certain specified conduct. (Amended Complaint at 9.) Here, as under the breach of contract claim, the Hospital is necessarily attempting to collect benefits under the ERISA plan. Such a claim is clearly related to and, therefore, preempted by ERISA.

■ The Hospital's final claim, for misrepresentation, is not preempted. The Tenth Circuit made clear in *Hospice* that a third party health care provider's independent claim based on misrepresentation of coverage is not preempted by ERISA. *Hospice,* 944 F.2d at 754–56. "An action brought by a health care provider to recover promised payment from an insurance carrier is distinct from an action brought by a plan participant against the insurer seeking recovery of benefits due under the terms of the insurance plan." *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.,* 944 F.2d 752, 756 (10th Cir.1991). The Hospital's assignment of benefits under the plan is irrelevant to this claim for misrepresentation because, unlike the breach of contract and estoppel claims, this claim exists regardless of whether there is coverage under the ERISA plan. As in *Hospice,* the misrepresentation claim is asserted by the Hospital as

a third-party health care provider directly against the defendants on the basis that the defendants misrepresented the availability of coverage to the Hospital.

Accordingly, it is ORDERED that NWNL's motion to dismiss is GRANTED as to the Hospital's claims for breach of contract and estoppel; and DENIED as to the claim for misrepresentation.

It is FURTHER ORDERED that the Hospital's remaining state law claim for misrepresentation is REMANDED to the District Court, City and County of Denver.