This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **No. A-1-CA-37409**

**ARTHUR H. GUTIERREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant, Arthur Gutierrez, appeals his convictions for aggravated burglary, aggravated battery (great bodily harm), larceny, and criminal damage to property. We issued a notice of proposed summary disposition proposing to affirm, and Defendant

has responded with a timely memorandum in opposition and a motion to amend the docketing statement. We have considered Defendant's arguments and remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**{2}** We have already outlined the procedural and factual background in our notice of proposed summary disposition. Therefore, in order to avoid unnecessary repetition, we will focus instead on the contents of Defendant's memorandum in opposition, discussing only such facts as are relevant to his arguments.

**{3}** We first address Defendant's argument that the evidence was insufficient to prove aggravated battery because the injuries inflicted on the victim, Frederick Sherman, were not severe enough to constitute "great bodily harm" as contemplated by the aggravated battery statute. [MIO 8-9] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our

judgment for that of the fact[-]finder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

{4}     The jury instruction on great bodily harm required the jury to find in part that "the defendant caused great bodily harm to Frederick Sherman or acted in a way that would likely result in death or great bodily harm to Frederick Sherman." [RP 103] "Great bodily harm" was defined in the instructions as "an injury to a person which creates a high probability of death or results in serious disfigurement or results in loss of any member or organ of the body or results in permanent or prolonged impairment of the use of any member or organ of the body." [RP 104] As the aggravated battery instruction illustrates, aggravated battery by great bodily harm "requires only that great bodily harm could result, not that it must result." *State v. Pettigrew*, 1993-NMCA-095, ¶ 7, 116 N.M. 135, 860 P.2d 777; *see also* NMSA 1978, § 30-3-5(C) (1969) (defining aggravated battery).

{5}     In our notice of proposed summary disposition, we proposed to affirm because the docketing statement did not inform us of the substance of either Mr. Sherman's testimony describing his injuries or the testimony of his treating physician. *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement shall contain a concise statement of all facts material to consideration of the issues raised); *see also Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that when

appellant raises the sufficiency of the evidence on appeal, the docketing statement should recite evidence that supports the decision below).

{6}     Appellate counsel has provided more information in the memorandum in opposition. We now understand the evidence to be that Defendant struck Mr. Sherman, resulting in Mr. Sherman losing consciousness and requiring stitches to his head. Mr. Sherman also received a shoulder injury. Mr. Sherman was treated in the emergency room and released, and no follow up treatment was required. [MIO 8-9; DS 3] To the extent Defendant asks us to determine that such injuries do not constitute great bodily harm as a matter of law, we decline to do so. An injury to the head which is accompanied by a loss of consciousness is, in our view, sufficiently serious to warrant submission of the issue to a jury. *See State v. Foster*, 1971-NMCA-064, ¶ 22, 82 N.M. 573, 484 P.2d 1283 (recognizing that the jury determines whether the injuries inflicted during a battery are not likely to cause death or great bodily harm, or whether the battery was committed in a manner whereby great bodily harm or death could be inflicted); *see also State v. Ortega*, 1966-NMSC-186, ¶ 11, 77 N.M. 312, 422 P.2d 353 (stating that whether "the injuries sustained were sufficiently substantial to come within the definition of the statute").

{7}     Defendant stresses in his memorandum in opposition that the victim's injuries were not severe enough to require further treatment after his release from the

4

emergency room. [MIO 5, 9] However, this is an argument that the jury improperly weighed the evidence, which we do not entertain on appeal. *See State v. Tapia*, 2015-NMCA-048, ¶ 4, 347 P.3d 738 ("We do not reweigh the evidence, nor will we substitute our judgment for that of the fact[-]finder so long as the record contains sufficient evidence to support the verdict."). For these reasons, we reject this assertion of error.

{8} Defendant next continues his argument that the evidence was insufficient to establish his identity as the perpetrator. Defendant argues that the State's evidence against him consisted of only two photographic identifications and that eyewitness identifications are inherently unreliable. [MIO 14] Defendant argues that this inherent unreliability and the evidence that witnesses gave conflicting identifications renders the evidence insufficient to prove guilt beyond a reasonable doubt. [MIO 16]

{9} We first reject Defendant's assertion that the eyewitness identifications were the only evidence offered by the State on the issue of identity. As we pointed out in the notice of proposed disposition, Detective Andrew Salazar testified regarding his investigation of the license plate number of the vehicle parked at the Mr. Sherman's residence and the photograph of that vehicle taken by his neighbor. Defendant has not elaborated on the substance of that testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (stating that "[w]here there is a doubtful or deficient

record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the trial court's judgment" (alteration, internal quotation marks, and citation omitted)).

{10}     However, for purposes of this appeal, we will assume that the identifications of Defendant by Mr. Sherman and his neighbor were the only evidence offered to establish Defendant's identity. Defendant has cited no authority to suggest that such evidence is insufficient. *See State v. Ramirez*, 2018-NMSC-003, ¶¶ 7-13 , 409 P.3d 902 (rejecting the defendant's argument that the evidence of identity was insufficient because the eyewitness testimony identifying him as the shooter was "unreliable," and recognizing that the evidence of a single witness may support a guilty verdict); *State v. Godoy*, 2012-NMCA-084, ¶ 5, 284 P.3d 410 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *State v. Torres*, 2005-NMCA-070, ¶ 34, 137 N.M. 607, 113 P.3d 877 (stating that this Court will not address issues unsupported by argument and authority).

{11}     With respect to Defendant's argument that the in-court and out-of-court identifications were unreliable because Mr. Sherman stated that he could not positively identify Defendant, and his neighbor originally identified another person before identifying Defendant to police, any issues relating the credibility of the identifications of Defendant were for the jury, as the finder of fact, to resolve. *See*

*State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the role of the fact[-]finder to judge the credibility of witnesses and determine the weight of evidence."); *State v. Ortiz-Burciaga,* 1999-NMCA-146, ¶ 22, 128 N.M. 382, 933 P.2d 96 ("It is the exclusive province of the jury to resolve factual inconsistencies in testimony." (internal quotation marks and citation omitted)). Defendant was afforded the opportunity to cross-examine the witnesses at trial, and the record establishes that Defendant's neighbor was questioned about the discrepancy in his identifications, and he testified that he was certain that Defendant was the individual and identified him in court. The weight to be given to this evidence was for the jury to determine. *State v. Riggs*, 1992-NMSC-057, ¶ 17, 114 N.M. 358, 838 P.2d 975.

{12}     For these same reasons, we reject Defendant's argument that the existence of other suspects during the investigation of this case required the jury to find that reasonable doubt existed. *See. Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Neatherlin*, 2007-NMCA-035, ¶ 8, 141 N.M. 328, 154 P.3d 703 (stating that on appeal "we do not reweigh the evidence or substitute our judgment for that of the jury").

{13}     Finally, Defendant has filed a motion to amend the docketing statement, in which he argues that he received ineffective assistance of counsel when his trial

7

counsel failed to prepare a sufficient docketing statement. [MIO 2-4, 11-14] "We review claims of ineffective assistance of counsel de novo." *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her attorney failed to exercise the skill of a reasonably competent attorney and that the defendant was prejudiced by the failure." *State v. Reyes*, 2002-NMSC-024, ¶ 46, 132 N.M. 576, 52 P.3d 948, *abrogated on other grounds by Allen v. LeMaster*, 2012 NMSC-001, 267 P.3d 806. "[T]o establish prejudice from trial counsel's ineffectiveness, a defendant must show that there is a reasonable probability that but for counsel's ineffectiveness, the result of the proceeding would have been different." *State v. Turner*, 2017-NMCA-047, ¶ 28, 396 P.3d 184.

{14} Trial counsel's failure to provide information in the docketing statement is not sufficient to establish prejudice because, in reviewing Defendant's arguments on appeal, we have accepted his assertions as to the content and extent of the trial evidence on both the issue of his identity and the nature of the injuries inflicted on the victim. Accordingly, the record does not establish that the outcome of the proceeding would have been different had trial counsel included a more complete recitation of the evidence in his docketing statement. Defendant has therefore not shown a prima facie case of ineffective assistance of counsel. *See State v. Jacobs*, 2000-NMSC-026, ¶ 51,

129 N.M. 448, 10 P.3d 127 (stating that failure to prove either prong of the test defeats a claim of ineffective assistance of counsel); *State v. Martinez*, 2007-NMCA-160, ¶¶ 22-24, 143 N.M. 96, 173 P.3d 18 (requiring that an ineffective assistance claim be supported by a showing of how counsel's performance prejudiced the defense).

{15}     We therefore deny the motion to amend to raise the issue of ineffective assistance of counsel as the issue is not viable on direct appeal. *See State v. Powers*, 1990-NMCA-108, ¶ 8, 111 N.M. 10, 800 P.2d 1067 (denying a motion to amend the docketing statement to raise issues of ineffective assistance of counsel where the issues were not viable); *State v. Moore,* 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that issues sought to be presented in a motion to amend the docketing statement must be viable), *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730; *see also State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that if the record does not establish a prima facie case of ineffective assistance of counsel, the defendant must pursue the claim in a habeas corpus proceeding).

**CONCLUSION**

{16}     For these reasons, we affirm Defendant's convictions.

{17}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**